|2ON rehearing
Relator, National Union Fire Insurance Company, applies for rehearing of the judgment rendered by this Court herein on February 19, 1997 in which this Court ruled that a genuine issue of material fact existed as to whether National Union waived its right to deny coverage.
On rehearing National Union contends that any actions it took which might be construed as participating in the defense, did not constitute a waiver of National Union’s right to deny coverage, because its actions were specifically permitted by the following policy provision:
*417 D. Assistance and Co-Operation
Underwriters shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding instituted against the Assured, but Underwriters shall have the right and shall be given the opportunity to associate with the Assured or the Assured’s Underlying Insurers, or both, in the defense and control of any claim, suit or proceeding relative to an occurrence where the claim or suit involves or appears reasonably likely to involve Underwriters, in which event the Assured, the Underlying Insurers and Underwriters shall cooperate in all things in the defense of such claim, suit or proceeding.[1]
|3We agree with National Union’s reading of this provision. It gives them the privilege of participating in the defense without assuming responsibility therefor. Respondents have pointed to no actions by National Union inconsistent with this policy provision, i.e., even if for purposes of argument we assume the actions of National Union to be exactly as alleged by respondents, they fall within those acts permitted by the above quoted policy provision. Respondents have failed to raise a genuine issue of material fact to the contrary. In none of the cases cited by respondents did the court consider a policy provision even remotely resembling this one.
However, respondents argue correctly that the above quoted provision must be read in the context of the policy as a whole.
Respondents call this Court’s attention to the following provision found in the policy:
In the event of reduction or exhaustion of the aggregate limits of liability under underlying insurance by reason of losses paid thereunder, such underlying insurance shall, for the purpose of this Policy, be deemed to have been reinstated in full, notwithstanding anything herein contained to the contrary. [Emphasis added.]
Respondents contend that, “once the underlying policy is exhausted [past tense], its terms are reinstated and incorporated into the National Union excess policy, including the duty of the underlying insurer to defend.”
Up to this point, respondents’ argument offers a reasonable reading of the policy provision. However, respondents’ argument then shifts from the past tense “is exhausted” to the argument that the losses will potentially exceed the underlying coverage, thereby triggering National Union’s duty to defend, which duty once triggered and assumed could result in a waiver of National Union’s right to deny coverage.
However, this policy provision relied on by respondents clearly and | unambiguously requires: (1) that the reduction or exhaustion has occurred, i.e., a potential reduction or exhaustion is insufficient, and (2) more significantly, the reduction or exhaustion must be “by reason of losses paid [emphasis added] thereunder.”
This clause limits its application to losses actually “paid.” “Paid” is clearly and unambiguously in the past tense. Respondents’ contention that this clause refers to unpaid, uncertain, judgment, potential future losses is without foundation.
For the foregoing reasons, we find that there is no genuine issue of material fact concerning whether National Union’s waived its right to deny coverage. Therefore, it was error for the trial court to deny National Union’s motion for summary judgment. Accordingly, we reverse the original judgment of this Court rendered herein on February 19,1997, and we reverse the judgment of the trial court denying National Union’s motion for summary judgment. We grant National Union’s motion for summary judgment, dismiss National Union from this litigation and remand for further proceedings consistent with this opinion.
ORIGINAL JUDGMENT OF THIS COURT REVERSED; JUDGMENT OF TRIAL COURT REVERSED AND REMANDED.
ARMSTRONG, J., concurs.

. National Union did not call this policy provision to the trial court’s attention below, nor did National Union call it to this Court’s attention in connection with its original application. However, as this policy provision shows on the face of the record and is dispositive of this litigation vis a vis National Union, this Court granted rehearing in the interest of judicial economy.